UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis M., | Case No. 25-cv-4238 (ECT/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| United States of America, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on a general assignment under 28 U.S.C. § 636, and on Petitioner Luis M.'s Petition for a Writ of Habeas Corpus, [Docket No. 1].

In a letter dated November 6, 2025, the Clerk of Court directed petitioner Luis M. to pay the filing fee for this matter or to apply for in forma pauperis ("IFP") status. See Docket No. 2. Petitioner was given fifteen days to pay the filing fee or submit an IFP application, failing which, Petitioner was warned, this matter could be dismissed without prejudice. See Id.

That deadline has now passed, and Petitioner has not paid the filing fee for this matter or applied for IFP status. Accordingly, this Court now recommends, consistent with the warning previously given to Petitioner, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. See Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Finally, this Court notes that the habeas petition filed in this matter was not submitted by Petitioner himself, but by an "Immigration Assistant" acting on Petitioner's behalf. See Petition

[Docket No. 1] at 13. The assistant, however, is not authorized to practice law in this District. To proceed in this matter, Petitioner would have needed to find an attorney or to represent himself—and if he were to represent himself, he would have needed to sign each of his own documents, including his habeas petition. See Fed. R. Civ. P. 11(a). Petitioner's failure to prosecute this matter renders moot his failure to sign the habeas petition, but Petitioner is cautioned that should he elect to prosecute litigation in the future in federal court, he must himself sign each document that he submits to the Court if he is not represented by counsel.

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: December 4, 2025                              s/Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).